# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CIVIL ACTION NO. 4:12-CV-0347 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **DUSTIN BOGART, MARCY BOGART, SOUTHERN COUNTRY RANCH,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 12th day of October, upon consideration of defendant Dustin Bogart's motion to strike (Doc. 13) the government's service of process against defendant Southern Country Ranch under Federal Rule of 12(b)(5),[1] which states in relevant part "[] a party may assert the following defenses by motion: [] insufficient service of process . . . ." Fed. Rule. Civ. Pro. 12(b)(5), and the court further acknowledging that Mr. Bogart does not contest that he was presented with a summons and a copy of the complaint as required by Federal Rule of Civil Procedure 4(e)(2), which provides process may be served by either "delivering a copy of the summons and of the complaint to the individual personally," Fed. R.

---

[1] Mr. Bogart filed his motion under Federal Rule of Civil Procedure 12(f) which provides, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either *sua sponte* or by motion. See Fed. R. Civ. Pro. 12(f). In the instant case, the court will liberally construe the *pro se* motion as filed pursuant to Rule 12(b)(5), which is the applicable rule pertinent to defendant's arguments.

Civ. Pro. 4(e)(2)(A), or "leaving a copy of each at the individual's dwelling or place of abode . . ., Fed. R. Civ. Pro. 4(e)(2)(B), or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," Fed. R. Civ. Pro. 4(e)(2)(C), and the court further noting that "a return of service by a private process server creates a rebuttable presumption that service was effectuated . . . [and a] bare allegation by a defendant that he was improperly served cannot be allowed to belie the private process server's return[,]"[2] Susquehanna Commercial Fin. v. French, Civ. No. 10-7481, 2011 WL 1743503, at *3 (E.D. Pa. 2011), and the court further observing that Mr. Bogart contends he is not a "trustee" of Southern Country Ranch, however, the court concluding that under Federal Rule of Civil Procedure 4(h)(1)(B), service may be affected on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service," Fed. R. Civ. Pro. 4(h)(1)(B), *or* by "following state law for serving a summons . . . in the state where the district court is located or service is to be made," Fed. R. Civ. Pro. 4(e), and the court being aware that under Pennsylvania law service of process is sufficient if it is served "at any office or usual place of business of the defendant . . . to the person for the time being in charge thereof [,]" Pa. R. Civ. Pro. (a)(2)(iii), and

---

[2] Private process server Casin Shunk filed an affidavit with the court stating that "[o]n the 6th day of July, at 12:20PM, at the address of 792 Brush Valley Road RR5 BOX 110, SUNBURY, Northumberland, PA 17801; this affiant served the above described documents upon SOUTHERN COUNTRY RANCH by then and there personally delivering 1 true and correct cop(ies) thereof, by then presenting to and leaving the same with Dustin Bogart, Trustee, A white male approx. 45-55 years of age and 5'9"-5'10" in height weighing 180-200 lbs with gray hair." (Doc. 8-1).

a "person for the time being in charge" can "be an individual with some direct connection to the party being served or someone who the process server deems to be authorized on the basis of [his or] her representation or authority, as evidenced by the affidavit of service[,] <u>Collins v. Univ. of Pa.</u>, 35 Fed. App'x 352, 353 (3d Cir. 2002), and the court finding that Mr. Bogart is such an individual, it is hereby ORDERED that the motion to strike (Doc. 13), is DENIED.

       S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge