# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO. 1:12-cv-0347** |
| Plaintiff, | : | (Judge Conner) |
| v. | : | |
| **DUSTIN BOGART**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 5th day of December, upon consideration of the motion for reconsideration (Doc. 22) filed November 12, 2012, by Defendants Dustin Bogart and Marcy A. Bogart ("the Bogarts"), asking this court to reconsider its September 17, 2012 Order (Doc. 20) denying the Bogarts' motion for consolidation, and the court recognizing that, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence," Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and further, that a court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice," General Instrument Corp. of Delaware v. Nu-Tek Electronics & Mfg. Inc., 3 F. Supp. 2d 602, 606 (E.D.Pa. 1998) (citations omitted), and it further appearing that "[a] motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made," Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D.Pa. 2002) (quoting Glendon Energy Co. v.

Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D.Pa. 1993), and the court concluding that motions for reconsideration are generally disfavored, Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Ariz. 2003), and it appearing that the Bogart's motion is based on the argument that Pennsylvania provides a more convenient forum, however, the court finding this is not a proper basis for reconsideration as the underlying actions in this case involve separate properties located in Pennsylvania and Tennessee, and therefore, the respective states are the proper venue for the separate actions, see United States v. Joling, 2010 WL 437980, at *1 (D. Or. 2010) (the proper venue for the action is where the *res* is located), and the court concluding that none of the General Instrument factors are applicable, it is hereby ORDERED that:

1. The Bogarts' motion for reconsideration (Doc. 22) is DENIED.

2. The Bogarts request for an additional thirty (30) days to obtain counsel is GRANTED.

       S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge