IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Civil Action No. 4:12-CV-00347 |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| DUSTIN B. BOGART, | : | |
| MARCY A. BOGART, | : | |
| SOUTHERN COUNTRY RANCH, | : | |
| Defendants. | : | |

**MEMORANDUM**

July 16, 2013

This action was initiated on February 22, 2012 by the United States of
America in connection with the recovery of certain Federal liens. Defendants
proceed pro se. Before the Court is Defendant Bogart's Motion to Dismiss (ECF
No. 11), filed on August 20, 2012, and Motion to Continue and Supplement for
Reconsideration (ECF No. 25), filed on January 4, 2013.

## I. BACKGROUND

The United States filed this civil action against Defendant Bogart, who owns
the real property against which various Federal liens are pending. By this action,
the United States seeks to verify the liens against the property, secure rights to that
property, and foreclose and sell the property to satisfy the outstanding liens.

Defendant Bogart filed his first Motion to Dismiss for Failure to State a Claim on July 26, 2012 but failed to include a brief in support of the motion. See Def. Mot., July 26, 2012, ECF No. 6. After the Court denied that motion without prejudice, Defendant filed a second Motion to Dismiss (August 20, 2012, ECF No. 11), followed by a request for an extension of time in which to obtain counsel (August 23, 2012, ECF No. 15). The Court granted the motion for an extension of time and stayed briefing on the Motion to Dismiss pending notification by the Defendant of whether he wishes to file an amended motion to dismiss or stand on the one currently before the Court. August 30, 2012, ECF No. 16.

Since that time, the Court has twice extended the time period in which Defendant may obtain counsel. See ECF Nos. 24, 26. To date, Defendant has yet to notify the Court of his intention to either file an amended Motion to Dismiss or stand on the current motion.

While the Motion to Dismiss was pending, Defendant filed various other motions including the Motion to Strike the Summons Return Executed. August 21, 2012, ECF No. 13. On October 12, 2012, the Court denied that motion, finding that Defendant Southern Country Ranch was properly served with the complaint by way of service upon Defendant Bogart, who was "a person for the time being in

charge" at the usual place of business of Southern Country Ranch. ECF No. 21.

Defendant filed a Motion to Continue and Supplement for Reconsideration on

January 4, 2013, asking the Court to reconsider its position in the October 12, 2012

Order. Def. Mot. to Recons., ECF No. 25.

## II.    DISCUSSION

### A.    MOTION TO DISMISS

The Defendant has had ample opportunity to obtain counsel, if he so

chooses, and to notify the Court of his intentions with respect to the Motion to

Dismiss (ECF No. 11). An answer has now been filed and this action must move

forward into discovery and resolution. The Court will grant Defendant Bogart a

final extension of fourteen (14) days in which to notify the Court of whether he

will file an amended motion to dismiss or go forward with the one currently before

the Court. If Defendant fails to so notify the Court, it will be presumed that

Defendant intends to proceed on the current motion and Plaintiff will have fourteen

(14) days in which to file an opposition to the motion.

### B.    MOTION FOR RECONSIDERATION

The Court will construe Defendant's Motion to Continue and Supplement

for Reconsideration as a motion for reconsideration, the purpose of which is to

"correct manifest errors of law or fact or to present newly discovered evidence."
Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). The Court should
grant the motion only if the party seeking reconsideration establishes at least one of
the following grounds: "(1) an intervening change in controlling law; (2) the
availability of new evidence that was not available when the court granted the
motion ...; or (3) the need to correct a clear error of law or fact or to prevent
manifest injustice." Max's Seafood Café, by Lou Ann, Inc., v. Quinteros, 176 F.3d
669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means
to reargue matters already argued and disposed of or as an attempt to relitigate a
point of disagreement between the Court and the litigant." Ogden v. Keystone
Residence, 226 F.Supp.2d 588, 606 (M.D.Pa.2002). (McClure, J.)
"[R]econsideration motions may not be used to raise new arguments or present
evidence that could have been raised prior to the entry of judgment." Hill v.
Tammac Corp., No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar.3, 2006)
(Kane, J.)

Defendant asks the Court to reconsider its Order denying Bogart's Motion to
Strike Summons on account of further evidence to "rebut[] the presumption [that]
Southern Country Ranch was properly served . . . . " Def. Mot. to Recons. 2,

January 4, 2013, ECF No. 25.  The evidence offered is an affidavit containing

Bogart's sworn statement that he "was not an agent authorized by appointment or

by law" under Federal Rule of Civil Procedure 4(e)(2) a manager, or general agent

authorized to accept service for Defendant Southern Country Ranch, along with the

same statements contained in the affidavit attached to Defendant's Motion to Strike

Summons.  Def. Mot. to Recons., January 4, 2013, ECF No. 25.  This evidence – to

the extent it can be considered as such – is not new, and there is no apparent reason

why it could not have accompanied Defendant's earlier-filed motion.

Additionally, this statement does not refute the Court's prior finding that,

under Pennsylvania law, Defendant was found to be the individual "with some

direct connection to the party being served or someone who the process server

deems to be authorized on the basis of [his or] her representation or authority, as

evidenced by the affidavit of service . . . . " October 12, 2012, ECF No. 21.

Defendant's assertion that he is not "an officer, a manager, or general agent, an

agent authorized by appointment or by law to receive service of process for

Southern County Ranch" does not consider this alternative method by which

process can be perfected in the Commonwealth of Pennsylvania.  Because

Defendant has failed to identify any new facts or law to justify reconsidering the

Court's prior opinion, and because the Court cannot discern any error of law or fact that would cause manifest injustice, the Defendant's motion will be denied.

It bears noting that Defendant also acknowledges, and Plaintiff agrees, that a third party – Jerry Speer – agreed to accept service in this matter as Trustee on behalf of Defendant Southern Country Ranch during a conference call in a related case from the United States District Court for the Middle District of Tennessee involving the same parties. See Def. Mot to Recons., January 4, 2013, ECF No. 25; Pl. Opp. Mot. to Recons., January 22, 2013, ECF No. 27. The parties agree that service was subsequently perfected upon Southern Country Ranch and the docket reflects a returned and executed summons to that effect. See ECF No. 28.

## III. CONCLUSION

For the reasons discussed above, Defendant Bogart's Motion to Continue and Supplement for Reconsideration (ECF No. 25) will be denied and Defendant will be granted fourteen (14) days in which to notify the Court of how he wishes to proceed on his Motion to Dismiss (ECF No. 11).

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Civil Action No. 4:12-CV-00347 |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| DUSTIN B. BOGART, | : | |
| MARCY A. BOGART, | : | |
| SOUTHERN COUNTRY RANCH, | : | |
| Defendants. | : | |

## ORDER

July 16, 2013

**AND NOW**, this 16th day of July, 2013, the Court ORDERS AND

DIRECTS as follows:

1.      Defendant Bogart's Motion to Continue and Supplement for

Reconsideration (ECF No. 25) is HEREBY DENIED.

2.      Defendant Bogart shall notify the Court, in writing, within fourteen

(14) days of this Order of whether he intends to file an amended Motion to Dismiss

or proceed with the Motion to Dismiss that is presently before the Court.  If

Defendant fails to notify the Court within fourteen (14) days, the Court will

presume that he intends to proceed on the current Motion to Dismiss and Plaintiff

will have an additional fourteen (14) days in which to file an opposition to the motion.

BY THE COURT:


s/Matthew W. Brann
Matthew W. Brann
United States District Judge