IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | Civ. No. 4:12-CV-00347 |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| DUSTIN B. BOGART, | : | |
| MARCY A. BOGART, | : | |
| SOUTHERN COUNTRY RANCH, | : | |
| Defendants. | : | |

**MEMORANDUM**
November 5, 2013

**I.    BACKGROUND**

Before the Court is a Motion to Dismiss filed by Dustin B. Bogart, Marcy A. Bogart, and Southern Country Ranch (together, "Defendants") (ECF No. 39). The Defendants make the Motion in response to a Complaint filed by the United States of America seeking to obtain a declaration regarding the validity of Federal tax liens, and then to foreclose such liens against real property owned by Dustin Bogart located at 792 Brush Valley Road, Sunbury, Northumberland County, Pennsylvania (the "Real Property"). Pl.'s Compl. ¶ 1, February 22, 2012, ECF No. 1. As the Court has previously articulated the pertinent facts of this case at length in other Memoranda, the Court now turns directly to the reasons why Plaintiff's Complaint survives the Defendants' Motion to Dismiss. See, e.g., Mem. Order,

1

Aug. 14, 2013, ECF No. 35.

## II. DISCUSSION

Although the Defendant's Motion to Dismiss lacked any appropriate form or organized manner of pleading, the Court discerns three asserted defenses: first, that the Court lacks jurisdiction over the Complaint; second, that the tax assessments against the Defendants were made according to invalid procedure; and, third, that generally, Defendants are not required to file tax returns. After articulating the motion to dismiss standard, the Court parries in turn the dull and flightless arrows of the Defendants' quixotic crusade against taxes.

### A. LEGAL STANDARD FOR MOTION TO DISMISS

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "we accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling

"the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations and citation omitted).

After Twombly and Ascroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or bare-bones allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler, 578 F.3d at 210 (internal quotations and citation omitted). While the complaint "does not need detailed factual allegations . . . a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

    B.    THE COURT RETAINS JURISDICTION OVER THE CASE

Defendants contend that neither this Court, nor the United States generally, have jurisdiction over either the Defendants themselves or the Real Property at issue in this case. Defs.' Decl. Affirmative D. 1–2, Aug. 29, 2013, ECF No. 40 [hereinafter Defs.' Decl.]. The Defendants attempt to rely on the Federal Enclave Clause of the Constitution of the United States of America to assert that federal jurisdiction is only proper in Washington, D.C., federal enclaves within the United States, and U.S. territories and possessions. See U.S. CONST., art. I, § 8, cl. 17; Defs.' Decl., at 1–2.

Myriad courts have explicitly rejected similar puerile arguments with consistency and regularity—federal jurisdiction is not limited to federal enclaves and the District of Columbia. See, e.g., Roytburd v. Comm'n of Internal Revenue, 355 Fed. Appx. 618, 620 (3d Cir. 2009); United States v. Sloan, 939 F.2d 499, 500–01 (7th Cir. 1991); United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994); In re Becraft, 885 F.2d 547, 548 n. 2 (9th Cir. 1989) (citing United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987), cert. denied, 485 U.S. 1022 (1988)). As one judge aptly wrote, "[i]n the face of this uniform authority, it defies credulity to argue that [this District Court lacks] jurisdiction to adjudicate the government's case against [Defendants]." United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990). As the Plaintiff accordingly plead, the Court retains jurisdiction over this action pursuant to the express statutory provisions 26 U.S.C. §§ 7402(a), 7403, and 28 U.S.C. §§ 1331, 1340, 1345, as well as a host of supporting case law. See *supra*, at 4.

C.  THE TAX ASSESSMENTS ARE VALID

The Defendants next contend that the tax assessments made against them were not in accordance with the appropriate statutory procedures, and are therefore invalid. See Defs.' Mot. Dismiss 1, Aug. 29, 2013, ECF No. 39. Defendants allege that the Plaintiff did not appropriately follow 26 U.S.C. § 7401, which

4

provides that "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorize or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401. Specifically, the Defendants' allege that the officials who signed the tax assessments against them did not have the relevant authority from the Secretary of the Treasury and the Attorney General.

To the contrary, "[i]t is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the government prove its case against a taxpayer in court." United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002). Moreover, as Justice Benjamin N. Cardozo wrote, "[a]cts done by a public officer which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter . . . . [T]he presumption of regularity . . . stands until dislodged." R.H. Stearns Co. of Boston v. United States, 291 U.S. 54, 63 (1934) (internal quotations and citation omitted); see also N.L.R.B. v. New Vista Nursing and Rehabilitation, 719 F.3d 203, 214 (3d Cir. 2013); United States v. Howard, 360 F.2d 372, 379 (3d Cir. 1966). Here, aside from unsupported threadbare assertions lacking plausibility, the Defendants provide no proof to rebut the presumption of regularity with respect to the Plaintiff's compliance with 26 U.S.C. § 7401. Therefore, the tax assessments

are presumptively valid and Defendants' motion to dismiss is denied on this issue.

D.     THE DEFENDANTS ARE SUBJECT TO INCOME TAX

The Defendants' contend, through a number of additional peculiar assertions, that they are not generally subject to income tax and that they are not required to file tax returns. For instance, Defendants claim, *inter alia*, that only foreign individuals are liable for tax, that they do not fit the definition of "taxpayer" under the law, and that their income is exempt from taxation. See Defs. Decl., at 2–3.

These arguments do not merit the dignity of individual responses. Courts consistently reject these and other similar tax protestor arguments with uniform regularity. See, e.g., Schlosser v. Comm'r of Internal Revenue, 287 Fed. Appx. 169, 170–71 (3d Cir. 2008) (dismissing patently frivolous tax arguments); Hattman v. Comm'n of Internal Revenue, 06-1040, 2006 WL 2506567, at *3 (3d Cir. Aug. 31, 2006) ("These types of tax protestor arguments have been rejected as patently frivolous, and require no additional analysis here."); Sauers v. Comm'n of Internal Revenue, 771 F.2d 64, 67–68 (3d Cir. 1985) (finding, *inter alia*, taxpayers arguments frivolous).

The Plaintiff provided an adequately pleaded complaint indicating the Defendants' alleged tax deficiencies, and Defendants have provided no credible

evidence to rebut those claims here.  The Defendants are undoubtedly subject to income tax, and must countenance the fact that "[t]axes are what we pay for civilized society."  Compania General de Tabacos de Filipinas v. Collector of Internal Revenue, 275 U.S. 87, 100 (1927) (Holmes, J.).

## III. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is denied.  An appropriate Order follows.


BY THE COURT:


s/Matthew W. Brann
Matthew W. Brann
United States District Judge