IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Civ. No.  4:12-CV-00347 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| DUSTIN B. BOGART, | : | |
| MARCY A. BOGART, | : | |
| SOUTHERN COUNTRY RANCH, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
July 9, 2014

## I.     INTRODUCTION

Before the Court are multiple filings by Defendants Dustin B. Bogart and

Marcy A. Bogart, appearing pro se in the action.  Construing their hundreds of

pages and exhibits liberally, as required, the Court discerns at least four assertions

meriting discussion: 1) a motion to compel discovery; 2) a demand for a jury trial;

3) challenges to subject matter and personal jurisdiction; and, 4) a request for a

recording or record of the conference call held among the Court and the Parties on

May 15, 2014.  For the reasons discussed herein, the Defendants motions are

denied.  The remainder of the Defendant's filings are either incomprehensible,

blanket assertions without corresponding means for relief, arguments not meriting

response, or arguments previously addressed by the Court.

The underlying action is this case concerns the government's attempt to obtain a declaration regarding the validity of federal tax liens and nominee liens against Defendants' property in Pennsylvania, to foreclose those liens, and to sell the property in question. The Court has enumerated the pertinent background on other occasions, and the Parties are familiar with the facts, therefore the Court omits their recitation here. See Ct. Mem. Order, Aug. 14, 2013, ECF No. 35.

**DISCUSSION**

    A.    <u>Motion to Compel Denied</u>

The Defendants' filed a Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure 37. The precise nature of many of the Defendants' requests are not readily discernable. The most comprehensive statement of the purpose for the motion reads: "Bogart requests respectfully that this Federal Court compel plaintiff to provide its district factual and jurisdictional grounds necessary to carry its burden with a preponderance of evidence that must show that Bogart's facts and circumstances fell within the scope of a yet-to-be disclosed Federal act . . . imposing a Federal income tax liability of payments Bogart received for the services he performed within the United States of America ('USA')." Defs.' Mot. Compl. Disc. 2, May 29, 2014, ECF No. 60. The Defendants further allege in

general terms that the Plaintiff has not provided discovery, is withholding relevant evidence, and is destroying evidence.  Nevertheless, where these assertions are discernable, most lack specificity.

The Defendants primary discernable grievance stated with the necessary specificity is that the IRS Form 4340s that the Plaintiff provided are either forged or not valid.[1]  A Form 4340 "is not the actually summary record of [a tax] assessment, but instead details the assessments made and the relevant date that a Summary Record of Assessment was executed."  <u>Tucker v. C.I.R. Serv.</u>, 506 Fed. App'x 166, 168 (3d Cir. 2012) (internal quotations and citation omitted).

The "Summary Record of Assessment" is also known as the Form 23C or the Form RACS 006.  <u>See id.</u>  Although the Plaintiff provided the Defendants with the Form 4340, the Defendants seeks more information regarding the assessments allegedly made against them, specifically the Form 23C.

The pertinent authority states that "[i]f a taxpayer requests a copy of this record, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed."  26

---

[1] Any challenge to the validity of the IRS documents that has not been previously addressed by this Court is better suited for a motion for summary judgment, not a motion to compel discovery.

C.F.R. § 301.6203–1; <u>see also</u> 26 U.S.C. § 6203 ("The assessment shall be made . . . in accordance with rules or regulations prescribed by the Secretary."). The Form 4340 satisfies those requirements. "[C]ourts have generally held that the IRS need not provide a taxpayer with a copy of the actual Summary Record of Assessment to fulfill its obligations to the taxpayer but may instead send a Form 4340, which creates a presumption that the Summary Record of Assessment, whether on Form 23C or RACS Report 006, was validly executed and certified." <u>Tucker</u>, 506 Fed. App'x at 168; <u>see also</u> <u>United States v. Zarra</u>, 477 Fed. App'x 859, 860 n.2 (3d Cir. 2012) ("We reject the [defendants'] argument that the Government was required to produce a summary record of assessment signed by an assessment officer in order to prove the date of assessment.").

Furthermore, the Plaintiff demonstrates that responding to the Defendants requests on this issue would be unreasonably cumulative, not reasonably calculated to lead to the discovery of new relevant information, and overly burdensome. <u>See</u> Pl.'s Br. Opp'n Mot. Compel Disc. 4, June 26, 2014, ECF No. 67 [Pl.'s Br.].[2] Providing the Form 23C would be cumulative and not reasonably calculated to lead

---

[2] Defendants also filed a Response intimating some confusion as to to the Court's Order granting Plaintiff's Motion to Amend/Correct Scheduling Order to allow additional time for the filing of its Brief in Opposition for good cause. <u>See</u> Defs.' Resp., June 20, 2014, ECF No. 66. The Court directs the Defendants to United States District Court for the Middle District of Pennsylvania Local Rules 7.5, 7.6, 7.7, 7.8 for their edification regarding briefing schedules and the opportunity to respond.

to the discovery of new relevant information because Form 4340s already contain the requisite information specific to the individual taxpayers.  Forms 23C show the total amount of tax assessed against all taxpayers by a particular IRS Service Center on a particular date.  See I.R.M. 35.9.2.1 (Aug. 11, 2004).  Much of this information is irrelevant to the Defendants and this particular matter.  Moreover, the Defendants have not specified the particular date(s) or Service Center(s) for which they seek Form 23C, and requiring the Plaintiff to review every such Form 23C is overly burdensome.

To the extent the Defendants seek other unspecified information (of dubious existence) to support their repeatedly asserted and perpetually unmeritorious tax protester arguments previously addressed by this Court, those inquiries are not relevant to this matter and are denied accordingly.  In the action thus far, the Plaintiff has provided Defendants hundreds of documents and responded to 165 requests for admissions, as well as over 80 combined interrogatories and requests for production of documents.  See Pl.'s Br., at 3.  The Defendants have not pointed to any piece of information with specificity that is either not already disclosed or is relevant to the issues before the Court.  Accordingly, the Defendants' Motion to Compel Discovery is denied.

     B.    <u>Demand for Jury Trial Denied</u>

Defendants filed their initial demand for a jury trial on May 2, 2014 (ECF No. 51), and have continually resubmitted demands since.  Plaintiff did not demand a jury trial in this case.

The Seventh Amendment to the United States Constitution preserves the right to a jury trial in civil cases.[3]  U.S. CONST. amend. VII; FED. R. CIV. P. 38(a). While the Seventh Amendment preserves this right, "[n]o right is absolute." McDonald v. City of Chicago, Ill, 561 U.S. 742, 130 S. Ct. 3020, 3101 (2010).

Federal Rule of Civil Procedure 38 concerning the right to a jury trial reads, regarding demand: "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading." FED. R. CIV. P. 38(b).  Rule 38 continues regarding waiver: "[a] party waives a jury trial unless its demand is properly served and filed." FED. R. CIV. P. 38(d). Furthermore, case law supports the well established proposition that "[f]ailure to file a timely demand results in waiver of the right." Accord Comm'ns Maint., Inc. v. Motorola, Inc.,

---

[3] The full text of the Seventh Amendment reads:

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. amend. VII.

761 F.2d 1202, 1208 (7th Cir. 1985); see also United States v. Moore, 340 U.S. 616, 621 (1951).

Federal Rule of Civil Procedure 39(b), however, provides courts discretion to consider a later motion for a jury trial when no demand is made.  In determining whether to grant an untimely jury demand under Rule 39(b), courts governed by the United States Court of Appeals for the Third Circuit should consider:

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and, 5) the reasons for the failure to file a timely demand.

United States S.E.C. v. Infinity Grp. Co., 212 F.3d 180, 196 (3d Cir. 2000) (internal quotations and citation omitted).

In the case *sub judice* the Defendants filed their answer on February 7, 2013 (ECF No. 30).  This was the last pleading filed.[4]  The Defendants did not demand a jury trial until May 2, 2014, a delay of almost fifteen (15) months from the close of

---

[4] Federal Rule of Civil Procedure 7 enumerates all filings properly considered pleadings, which are:

> (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

FED. R. CIV. P. 7(a).

the pleadings (ECF No. 51).  Defendants offer nothing to excuse their excessive

tardiness other than ignorance.  Given this lengthy delay, lack of a viable excuse,

substantial progress in the case and its current schedule, the balance of the factors

favors enforcing the Defendant's waiver of a jury trial.  See Infinity Grp. Co., 212

F.3d at 196.  The Defendant's demand for a jury trial, properly considered as a

Rule 39(b) motion, is denied.

C.   <u>The Court Retains Jurisdiction</u>

The Defendants continually assert that the Court does not exercise valid

jurisdiction in this case.  The Court has previously addressed the subject matter

jurisdiction issue.  See Ct. Mem., Nov. 5, 2013, ECF No. 43.  Because subject

matter jurisdiction is of fundamental import, the Court reiterates that it exercises

valid jurisdiction pursuant to the express statutory provisions 26 U.S.C. §§

7402(a), 7403, and 28 U.S.C. §§ 1331, 1340, 1345, as well as a host of supporting

case law.

The Defendants also assert at this junction that the Court cannot exercise

personal jurisdiction over them.  Federal Rule of Civil Procedure Rule 12(b)(2)

allows a party to assert a defense to lack of personal jurisdiction by motion.  Rule

12(h) provides, however, that "[a] party waives any defense listed in Rule 12(b)(2)-

(5)" by omitting it from its initial Rule 12 motion or failing to raise the issue in a

8

responsive pleading or amendment.  FED. R. CIV. P. 12(h).

Furthermore, "because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."  Ins. Corp. of Ireland, Ltd., et al. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982).  "Because there 'exists a strong policy to conserve judicial time and resources,' [the United States Court of Appeals for the Third Circuit has] held that 'preliminary matters such as . . . personal jurisdiction . . . should be raised and disposed of before the court considers the merits or quasi-merits of a controversy."  Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999) (quoting Wyrough & Loser, Inc. v. Pelmore Labs., Inc., 376 F.2d 543, 547 (3d Cir. 1967)).

The Defendants filed an initial Rule 12 motion to dismiss, alleging only that the Court lacked subject matter jurisdiction under Rule 12(b)(1).  See Defs.' Mot. Dismiss, Aug. 2, 2012, ECF No. 11.  The Defendants did not raise a personal jurisdiction defense at that time, nor did the Defendants raise a personal jurisdiction defense in an answer.  See Defs.' Answer, Feb. 7, 2013, ECF No. 30. Accordingly, the Defendant waived any personal jurisdiction defense.  See FED. R. CIV. P. 12(h).

> D.    Record of Conference Call Does Not Exist Beyond Docket

9

The Court does not record its telephone status conference calls with parties or invoke the services of a court reporter to transcribe the calls.  The Court records minutes of telephone status conferences, which are then included on the docket. The information appearing on the record is the only information available with respect to the telephone status conference.

No such recording is available and, consequently, the Defendants' request is denied.

E.    Miscellaneous Considerations

Throughout its numerous filings, the Defendants make various factual and legal assertions that are largely incomprehensible.  It appears the Defendants submit general factual assertions with no designated purpose other than to attempt to establish the claims as facts of record.  The proper places for these assertions are in dispositive motions, or to be established at trial by competent evidence if the litigation reaches that stage.

## III.  CONCLUSION

The Defendants' Motion to Compel Discovery, demand for a jury trial, and request for a record of a status conference call are all denied.

An appropriate Order follows.


                              BY THE COURT:


                              s/ Matthew W. Brann
                              Matthew W. Brann
                              United States District Judge