**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL NO. 4:12-CV-347** |
| | : | |
| **Plaintiff,** | : | **(Judge Brann)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DUSTIN BOGART, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION AND ORDER**

**I.    Statement of Facts and of the Case**

This is a civil action brought by the United States, which seeks to obtain a declaration regarding the validity of the Federal tax liens and nominee liens against the property and rights to property owned by Dustin B. Bogart; to foreclose such liens against this real property; and to sell the property, with the proceeds of the sale to be distributed in accordance with the rights of the parties and the amounts subject to the Federal tax liens and nominee liens to be paid to the United States and applied against the tax liabilities of the defendants. (Doc. 1, ¶1.) This is one of two companion cases filed by the United States against the defendants.  There is also a companion case filed by the United States in the United States District Court for the Middle District of Tennessee (Civil No. 3: 12-CV-179), a suit which sought, *inter alia*, to reduce to judgment the Federal income tax assessments against Dustin B. Bogart for the 2000,

2001, 2002, and 2003 taxable years. (Id., ¶2.) The United States represents that in this companion case in July of 2014 the federal court in Tennessee found in favor of the government, and entered summary judgment against the defendants. (Doc. 79-1.)

It is against this legal and factual background that a number of motions have been referred to us in this litigation for resolution. These motions include a motion by the defendants seeking to have the Court reconsider its prior denial of a motion to compel discovery from the United States. (Doc. 82.) For the reasons set forth below, we will deny this motion to compel and will instead stay discovery pending resolution of the other outstanding motions in this case.

## II. Discussion

### A. Motions to Reconsider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice".

Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).
>
> Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See

Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

These legal restrictions on motions to re-consider apply with particular force to motions addressing orders in discovery matters, since discovery orders are governed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, and the scope of discovery permitted under the Rules rests in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Similarly, rulings regarding the extent to which discovery may be compelled are matters consigned to the court's discretion and judgment, and it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983)

Several basic guiding principles informed our initial resolution of this discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions for sanctions, and provides that:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c).

The scope of what type of discovery may be compelled under Rule 37, and give rise to sanctions, is defined, in turn, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C ).

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We note that this broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be

reversed only on a clear showing of abuse of discretion.' <u>Galella v. Onassis</u>, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." <u>Dove v. Atlantic Capital Corp</u>., 963 F.2d 15, 19 (2d Cir. 1992).

This discretion is also guided, however, by certain basic principles. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., <u>James v. York County Police Dep't</u>, 160 F.App'x 126, 136 (3d Cir. 2005); <u>Nolan v. U.S. Dep't of Justice</u>, 973 F.2d 843,849 (10th Cir. 1992); <u>Johnson v. New York Univ. Sch. of Ed.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without

foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude, first, that reconsideration of the district court's prior discovery orders is not warranted at this time. Those prior discovery orders fell well within the broad discretion of the court in ruling on civil discovery matters, and nothing in the defendants' motion to reconsider reveals "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010). Therefore, the legal grounds for reconsideration simply are not met here. Instead, this motion simply reflects a disagreement by the defendants with the court, a disagreement which no matter how sincerely felt does not translate into the type of error which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830.

Instead, we note that there are a bevy of potentially dispositive motions filed in this case. (Docs. 73, 77 and 95.) Given these outstanding and potentially

dispositive motions we find that discovery should be stayed at this time. The merits of the claims raised in the competing, dispositive motions filed by both parties are currently being addressed by the Court, ensuring a very prompt resolution of these motions. In this setting, we conclude, consistent with settled case law, that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore, we will defer further discovery pending resolution of the outstanding dispositive motions. An appropriate order follows:

### III. Order

Accordingly, for the foregoing reasons, the defendant's motion to reconsider the defendants' motion to compel, (Doc. 82.), is DENIED and discovery is STAYED pending resolution of all of the outstanding and potentially dispositive motions filed by the parties.

So ordered this 8th day of December, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
