**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL NO. 4:12-CV-347** |
| **Plaintiff,** | : | **(Judge Brann)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DUSTIN BOGART, et al.,** | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION AND ORDER

**I.  Statement of Facts and of the Case**

This is a civil action brought by the United States, which seeks to obtain a declaration regarding the validity of the Federal tax liens and nominee liens against the property and rights to property owned by Dustin B. Bogart; to foreclose such liens against this real property; and to sell the property, with the proceeds of the sale to be distributed in accordance with the rights of the parties and the amounts subject to the Federal tax liens and nominee liens to be paid to the United States and applied against the tax liabilities of the defendants. (Doc. 1, ¶1.) This is one of two companion cases filed by the United States against the defendants. There is also a companion case filed by the United States in the United States District Court for the Middle District of Tennessee (Civil No. 3: 12-CV-179), a suit which sought, *inter alia*, to reduce to judgment the Federal income tax assessments against Dustin B. Bogart for the 2000,

2001, 2002, and 2003 taxable years. (Id., ¶2.) The United States represents that in this companion case in July of 2014 the federal court in Tennessee found in favor of the government, and entered summary judgment against the defendants. (Doc. 79-1.)

It is against this legal and factual background that a number of motions have been referred to us in this litigation for resolution. These motions include a motion by the defendants seeking to have Rule 11 sanctions imposed upon government counsel. (Doc. 97.) Despite the length of the motion, 95 pages, the pleading is stubbornly ambiguous in several key respects. First, it is unclear what sanctions the defendants seek. Second, it is entirely unclear what sanctionable misconduct the defendants believe has occurred here. To the extent that this motion is understood by the Court, it appears to be an indirect attempt to re-litigate the merits of the Tennessee lawsuit, in which the court ruled against the Bogarts, since much of the pleading seems to focus on assertions that misconduct and errors in that prior Tennessee litigation should have placed government counsel on notice that their position in this lawsuit fails, and, therefore, that counsel should be sanctioned for bringing a meritless action against the defendants.

This is, of course, a difficult argument to advance in the face of the rulings by the federal court in Tennessee, which apparently found in favor of the United States, granting summary judgment on the government's claims against the Bogarts in that

companion litigation. Given such rulings, when an "objective standard of reasonableness under the circumstances" Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995), is applied to this case it cannot be said that government counsel has acted with "an improper purpose, e.g., 'to harass or to cause unnecessary delay or needless increase in the cost of litigation.' " Id. Accordingly, for the reasons set forth below, we will deny this motion for sanctions.

## II. Discussion

The standards governing motions for sanctions are familiar ones. With respect to such motions, our exercise of discretion in this instance is guided by settled case law describing the responsibilities of the court when considering sanctions against parties. At the outset, it is well-settled that a district court has the inherent power to sanction parties appearing before it for refusing to comply with its orders and to control litigation before it. See, e.g., Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007). Indeed, the inherent power of the court to act in this area has long been recognized by the United States Supreme Court, which has held that:

> It has long been understood that "[c]ertain implied powers must necessarily result to our courts of justice from the nature of their institution," powers "which cannot be dispensed with in a court, because they are necessary to the exercise of all others." United States v. Hudson, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); see also Roadway

> Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (citing Hudson ). For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Anderson v. Dunn, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821); see also Ex parte Robinson, 19 Wall. 505, 510, 22 L.Ed. 205 (1874). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962).

Chambers v. NASCO, Inc. 501 U.S. 32, 43 (1991).

Sanctions decisions rest in the sound discretion of the court and a decision denying a motion for sanctions may only be reviewed for abuse of discretion, which will be found only where "the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 181 (3d Cir. 2002) (quoting In re Orthopedic Bone Screw Products Liability Litig., 193 F.3d 781, 795 (3d Cir. 1999)).

In addition to the court's inherent authority, "Rule 11 authorizes imposition of sanctions upon the signer of any pleading, motion or other paper that was presented for an improper purpose, e.g., 'to harass or to cause unnecessary delay or needless increase in the cost of litigation.' See Landon, 938 F.2d at 452. Rule 11 sanctions

are based on ' "an objective standard of reasonableness under the circumstances." ' Id. at 453 n. 3 (quoting Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir.1988)). Bad faith is not required. Id.; Jones, 899 F.2d at 1358." Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995). Furthermore, it is well-settled under Rule 11 that: "Sanctions are to be applied only 'in the "exceptional circumstance" where a claim or motion is patently unmeritorious or frivolous.' Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir.1988) (citation omitted). Rule 11's 'primary purpose is not "wholesale fee shifting but [rather] correction of litigation abuse." ' Id. (alteration in original) (citation omitted). It 'must not be used as an automatic penalty against an attorney or party advocating the losing side of a dispute,' and it 'should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.' Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir.1988) (citation omitted)." Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 297 (3d Cir. 2010), as amended (Dec. 7, 2010).

Moreover, the exercise of this discretion is guided by certain basic principles. Foremost among these principles is the tenet that sanctions should always be narrowly tailored to meet the misconduct, and should entail no greater punishment than is reasonably necessary to address the specific wrongdoing that confronts the

court. See Klein v. Stahl, GMBH & Co., Maschinefabrik, 185 F.3d 98 (3d. Cir. 1999). This basic, but pivotal, aspect of the exercise of discretion in this area, has been voiced in many ways. Thus, it is well established that, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc. 501 U.S. at 44-45 (citation omitted). Therefore, in exercising this authority we are cautioned that:

> [A] district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified. In exercising its discretion under its inherent powers, the court should be guided by the same considerations that guide it in the imposition of sanctions under the Federal Rules. First, the court must consider the conduct at issue and explain why the conduct warrants sanction.

Republic of Philippines v. Westinghouse Elec. Corp. 43 F.3d at 74.

Moreover:

> [H]aving evaluated the conduct at issue, the district court must specifically consider the range of permissible sanctions and explain why less severe alternatives to the sanction imposed are inadequate or inappropriate. Although the court need not "exhaust all other sanctioning mechanisms prior to resorting to its inherent power" (Landon v. Hunt, 938 F.2d at 450, 454 (3d Cir.1991)), the court must explain why it has chosen any particular sanction from the range of alternatives it has identified. See Poulis, 747 F.2d at 868 (sanctions under Fed.R.Civ.P. 16 and 37).

Id.

Here, judged against these benchmarks, the Bogarts' sanctions motion fails for a single, simple reason. Applying an "objective standard of reasonableness under the circumstances" <u>Martin v. Brown</u>, 63 F.3d 1252, 1264 (3d Cir. 1995), it cannot be said that government counsel has acted with "an improper purpose, e.g., 'to harass or to cause unnecessary delay or needless increase in the cost of litigation,' " <u>id</u>., when the government has taken positions in its pleadings in this case which have been examined, and endorsed, by the federal courts in Tennessee in the course of companion litigation brought against the defendants. Since "[s]anctions are to be applied only 'in the "exceptional circumstance" where a claim or motion is patently unmeritorious or frivolous.' <u>Doering v. Union County Bd. of Chosen Freeholders</u>, 857 F.2d 191, 194 (3d Cir.1988) (citation omitted)," <u>Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account</u>, 618 F.3d 277, 297 (3d Cir. 2010), <u>as amended </u>(Dec. 7, 2010), the fact that the United States has previously prevailed in its litigation of these matters before another federal court leads us to conclude that the plaintiff's litigation posture in this case is not sanctionable and the motion for sanctions will be denied. In short, the plaintiff's counsel cannot be

sanctioned for taking a legal position which has previously prevailed in other related litigation.[1]

### III. Order

Accordingly, for the foregoing reasons, the defendant's motion for sanctions, (Doc. 97.), is DENIED.

So ordered this 8th day of December, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[1] While we find that the government's litigation posture in this case does not give rise to a sanctions motion, we note that there are pending before the Court other dispositive motions which address the competing merits of the parties' claims in this lawsuit. Those motions will be addressed separately by this Court, and nothing in this opinion is intended, or should be construed as speaking to the merits of these other dispositive motions. Instead, we are simply noting the commonsense proposition that the litigation position of government counsel in this case, which parallels the position successfully taken by counsel in other related litigation, cannot form the basis of a sanctions motion under Rule 11.