**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL NO. 4:12-CV-347** |
| | : | |
| **Plaintiff,** | : | **(Judge Brann)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DUSTIN BOGART, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION AND ORDER**

**I.    Statement of Facts and of the Case**

This is a civil action brought by the United States, which seeks to obtain a declaration regarding the validity of the Federal tax liens and nominee liens against the property and rights to property owned by Dustin B. Bogart; to foreclose such liens against this real property; and to sell the property, with the proceeds of the sale to be distributed in accordance with the rights of the parties and the amounts subject to the Federal tax liens and nominee liens to be paid to the United States and applied against the tax liabilities of the defendants. (Doc. 1, ¶1.) This is one of two companion cases filed by the United States against the defendants. There is also a companion case filed by the United States in the United States District Court for the Middle District of Tennessee (Civil No. 3: 12-CV-179), a suit which sought, *inter alia*, to reduce to

judgment the Federal income tax assessments against Dustin B. Bogart for the 2000, 2001, 2002, and 2003 taxable years. (Id., ¶2.) The United States represents that in this companion case in July of 2014 the federal court in Tennessee found in favor of the government, and entered summary judgment against the defendants. (Doc. 79-1.)

It is against this legal and factual background that a number of motions have been referred to us in this litigation for resolution. These motions include a motion by the defendants, who are proceeding *pro se*, styled as a motion for a Judicial Determination on the Law, which seeks to direct the Court to rule upon 12 legal questions propounded by the plaintiffs in the abstract, questions which may, or may not, have any relevance to the case or controversy before us but questions which are posed in a hypothetical fashion that is unmoored to any proper request for relief in this litigation. (Doc. 86.) Since this motion essentially calls upon us to issue a series of advisory opinions, something that is forbidden by the United States Constitution, for the reasons set forth below, we will deny this motion for a Judicial Determination on the Law.

## II.   Discussion

The defendants' motion for a Judicial Determination on the Law, in our view, runs afoul of the law in one important, and constitutional, respect. Since the founding of this nation, it has been well-settled that "Article III, Section 2 of the Constitution

of the United States 'limits federal jurisdiction to actual "cases" and "controversies." Armstrong World Industries, Inc. v. Adams, 961 F.2d 405, 410 (3d Cir.1992). This constitutional provision 'stands as a direct prohibition on the issuance of advisory opinions.' Id." Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1153 (3d Cir. 1995). Thus, "[c]ourts are 'without power to give advisory opinions.' Rhone–Poulenc–Surfactants and Specialties, L.P. v. C.I.R., 249 F.3d 175, 182 (3d Cir.2001) (quoting Alabama State Fed'n of Labor v. McAdory, 325 U.S. 450, 461, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945)) [and] [i]t is the court's 'considered practice not to decide abstract, hypothetical or contingent questions.' Id. (quoting Alabama State Fed'n of Labor, 325 U.S. at 461, 65 S.Ct. 1384)." Constitution Party of, Penn. v. Cortes, 712 F. Supp. 2d 387, 397 98 (E.D. Pa. 2010) aff'd sub nom. The Constitution Party Of Pennsylvania v. Cortes, 433 F. App'x 89 (3d Cir. 2011). Applying these benchmarks courts have, therefore, declined to answer abstract legal questions posed by a plaintiff when: "Any opinion addressing plaintiffs claims would be advisory. It would be based on a hypothetical set of facts, without sufficient information to support findings. See PSA, LLC v. Gonzales, 271 Fed.Appx. 218, 220 (3d Cir.2008) (actions cannot result in an 'opinion advising what the law would be on a hypothetical set of facts') (quoting Step–Saver Data Sys., Inc. v. Wyse Technology Software Link, Inc., 912 F.2d 643, 649 (3d Cir.1990))." Constitution Party of, Penn.

v. Cortes, 712 F. Supp. 2d 387, 397 98 (E.D. Pa. 2010) aff'd sub nom. The Constitution Party Of Pennsylvania v. Cortes, 433 F. App'x 89 (3d Cir. 2011).

Here, the Bogarts invite us to do precisely what the constitution forbids. They ask us issue advisory opinions on 12 legal propositions based on a hypothetical set of facts, without sufficient information to support findings. Because this request confuses the role of this Court in our constitutional system and runs afoul of Article III of the United States Constitution, this motion will be denied.

### III. Order

Accordingly, for the foregoing reasons, the defendant's motion for motion for a Judicial Determination on the Law, (Doc. 86.), is DENIED.

So ordered this 8th day of December, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge