**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL NO. 4:12-CV-347** |
| | : | |
| **Plaintiff,** | : | **(Judge Brann)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **DUSTIN BOGART, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

**I.   Statement of Facts and of the Case**

Albert Einstein once stated that doing the same thing over and over again and expecting different results is the highest form of folly. We are reminded of Einstein's wisdom as we consider the motions to dismiss filed by the defendants in the above-captioned case. As we construe these motions, they invite us to indulge in Einstein's folly in that they urge us to dismiss this lawsuit on grounds that have been previously considered, and rejected, both by this Court and by another federal district court in the past. Because the law does not permit parties to do the same thing over and over again and expect different results, for the reasons set forth below, it is recommended that these motions to dismiss be denied.

This is a civil action brought by the United States, which seeks to obtain a declaration regarding the validity of the Federal tax liens and nominee liens against the property and rights to property owned by Dustin B. Bogart; to foreclose such liens against this real property; and to sell the property, with the proceeds of the sale to be distributed in accordance with the rights of the parties and the amounts subject to the Federal tax liens and nominee liens to be paid to the United States and applied against the tax liabilities of the defendants. (Doc. 1, ¶1.)

In this particular case the defendants previously filed a motion to dismiss which parroted the claims now repeated in the instant motions. (Doc. 39.) In this initial motion to dismiss, "the Court discern[ed] three asserted defenses: first, that the Court lacks jurisdiction over the Complaint; second, that the tax assessments against the Defendants were made according to invalid procedure; and, third, that generally, Defendants are not required to file tax returns." (Doc. 43, p.2.) After carefully assessing these three claims, the District Court denied this motion to dismiss, finding that none of the arguments advanced by the defendants warranted dismissal of this complaint. (Docs. 43 and 44.)

However, this particular litigation is not the only opportunity that a federal court has had to address these matters now raised by the Bogarts in these two motions as defenses in this lawsuit. This case is one of two companion cases filed by the

United States against the defendants. There is also a separate case filed by the United States in the United States District Court for the Middle District of Tennessee (Civil No. 3: 12-CV-179), a suit which sought, *inter alia*, to reduce to judgment the Federal income tax assessments against Dustin B. Bogart for the 2000, 2001, 2002, and 2003 taxable years. (Id., ¶2.) The United States represents that in this companion case in July of 2014 the federal court in Tennessee found in favor of the government, and entered summary judgment against the defendants. (Doc. 79-1.) In entering summary judgment for the United States in this companion case the district court in Tennessee specifically considered and rejected similar challenges made by the defendants to this tax assessment, noting that: "Bogart misses the mark with well-worn, tax-protester arguments that the courts—including this one—have uniformly rejected. See generally Dillender v. Carpenters' Pension Trust Fund of St. Louis, 2014 WL 1289599, at *2 (M.D. Tenn. Mar. 31, 2014) (citing cases); U.S. v. Bowden, 2014 WL 1289596, at *3 (M.D. Tenn. Mar. 28, 2014) (same)." (Doc. 79-1, p.2.) Thus, the defendants have unsuccessfully challenged these tax assessments on several occasions, both in this Court and before the federal courts in Tennessee.

It is against this legal and factual background that a number of motions have been referred to us in this litigation for resolution. These motions include two motions to dismiss filed by the defendants, who are proceeding *pro se.* (Docs. 77 and

95.) Undeterred by the prior rulings of two federal courts rejecting their prior motions to dismiss, in these latest motions the defendants now seek dismissal of this action based upon their assertions that the tax assessments levied against the defendants were made according to invalid procedure and that the defendants are not required to file tax returns. These well-worn assertions are then coupled with vague allegations that the government has forged documents and engaged in criminal conduct in the course of this rather commonplace effort to enforce federal tax laws and collect tax liabilities. On the basis of these assertions, which have been repeatedly rejected in the course of this litigation and the litigation of the companion case filed against the Bogarts, the defendants now, once again, seek dismissal of this action.

For the reasons set forth below, we recommend that the District Court deny these motions to dismiss.

**II.    Discussion**

    **A.    Motion to Dismiss–Standard of Review**

A motion to dismiss tests the legal sufficiency of a complaint. Rule 12(b)(6) of the Federal Rule of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges

v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555.  This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action.  Id. at 556.  Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:  "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims

are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment."). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

  **B**. **The Law of The Case and Res Judicata Doctrines Defeat the Defendants' Motions to Dismiss**

  Here, to the extent that the meaning of these pleadings can be clearly discerned, in their motions to dismiss the defendants they invite us to indulge in Einstein's folly and dismiss this lawsuit on grounds that have been previously considered, and rejected both by this Court and by another federal district court in the past. Because the law does not permit parties to do the same thing over and over again and expect

different results, for the reasons set forth below, it is recommended that these motions to dismiss be denied.

Indeed, these motions to dismiss, which effectively seek to re-litigate the defendants' assertions that the tax assessments levied against them were made according to invalid procedure and that the defendants are not required to file tax returns, run afoul of two settled tenets of federal practice. First, to the extent that these motions seek to re-litigate the decisions made by the district court in Tennessee in the defendants' companion tax case, these motions are barred by the doctrine of *res judicata*. *Res judicata* is an issue that we may consider at the outset of litigation when assessing a motion to dismiss. Indeed, we may apply this legal doctrine even in the absence of dispositive motion since " We have the authority to apply the doctrine of claim preclusion or *res judicata sua sponte*. Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir.2002); Ezekoye v. Ocwen Federal Bank FSB, 179 F.App'x 111, 114 (3d Cir.2006) (non precedential). [and] can . . . invoke *res judicata* 'if it is so plain from the language of . . . other documents in the district court's files that it renders [a claim] frivolous.' Gleash, 308 F.3d at 760." Guider v. Mauer, CIVIL 1:CV-09-1915, 2009 WL 4015568 (M.D. Pa. Nov. 19, 2009).

Collateral estoppel, *res judicata* and issue preclusion are doctrines which play a vital role in litigation. It has long been recognized that "[t]he doctrine[] of . . .

collateral estoppel, now . . termed . . . issue preclusion, 'shar[es] the common goals of judicial economy, predictability, and freedom from harassment....' Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir.1988). Generally speaking, the . . . doctrine of issue preclusion, 'precludes the relitigation of an issue that has been put in issue and directly determined adversely to the party against whom the estoppel is asserted.' Melikian v. Corradetti, 791 F.2d 274, 277 (3d Cir.1986)." Electro-Miniatures Corp. v. Wendon Co., Inc. 889 F.2d 41, 44 (3d. Cir.1989)(citations omitted).

The parameters of this doctrine, which precludes re-litigation of certain issues, have been defined by the United States Court of Appeals for the Third Circuit in the following terms:

> Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated. "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.' " Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231-32 (3d Cir.1995) (quoting In re Graham, 973 F.2d 1089, 1097 (3d Cir.1992)); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5(1979). In its classic form, collateral estoppel also required "mutuality"-i.e., that the parties on both sides of the current proceeding be bound by the judgment in the prior proceeding. Parklane Hosiery, 439 U.S. at 326-27. Under the modern doctrine of non-mutual issue preclusion,

> however, a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary. See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 324 (1971); Parklane Hosiery, 439 U.S. at 329. For . . . non-mutual issue preclusion [] to apply, the party to be precluded must have had a "full and fair" opportunity to litigate the issue in the first action. See Parklane Hosiery, 439 U.S. at 328; Blonder-Tongue Labs., 402 U.S. at 331.

Peloro v. United States, 488 F.3d 163, 174-75 (3d Cir. 2007). Stated succinctly, principles of collateral estoppel compel a later court to honor the an earlier decision of a matter that was actually litigated. Dici v. Commonwealth of Pa., 91 F.3d 542 (3d Cir. 1997). This doctrine, which involves an assessment of the overlap between issues presented in separate lawsuits, raises essentially legal questions which are often amenable to resolution by courts as a matter of law. See, e.g., Peloro v. United States, supra; Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc, supra; Witkowski v. Welch, 173 F.3d 192, 198-205 (3d Cir. 1999); Burlington Northern Railroad Co. v. Hyundai Merchant Marine Co., Ltd.,, 63 F.3d 1227, 1231-9 (3d Cir. 1995)(summary judgment, offensive issue preclusion).

Here, we find that, with respect to the claims made by the defendants in the instant motions to dismiss concerning the validity of the tax assessments levied against the defendants and the proposition that the defendants are not required to file tax returns, the legal requisites for issue preclusion are fully satisfied, since: " '(1)

the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.' " Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231-32 (3d Cir.1995) (quoting In re Graham, 973 F.2d 1089, 1097 (3d Cir.1992)); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5 (1979). Therefore, these motions to dismiss should be denied in the first instance on *res judicata* grounds.

Furthermore, to the extent that the defendants seek, again, to re-litigate legal defenses that were previously rejected by the District Court in this lawsuit, a separate legal doctrine, the law of the case doctrine, applies here and compels denial of these motions. "Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances. . . . . The purpose of this doctrine is to promote the 'judicial system's interest in finality and in efficient administration. Todd & Co., Inc. v. S.E.C., 637 F.2d 154, 156 (3d Cir. 1980).' " Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 165 (3d Cir. 1981). The contours of this settled doctrine were recently described by the United States Court of Appeals for the Third Circuit in the following terms:

>In  Arizona v. California, 460 U.S. 605 (1983), the Supreme Court  noted:
>
>Unlike the more precise requirements of res judicata, law of the case is an amorphous concept.  As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.
>
>Id. at 618 (citations omitted).  The "[l]aw of the case rules have developed 'to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'"

In re Pharmacy Benefit Managers Antitrust Litigation, 582 F.3d 432, 439 (3d Cir.2009)(reversing arbitration order in antitrust case on law-of-the-case grounds)(citations omitted).  It is clear that "[t]he ... doctrine does not restrict a court's power but rather governs its exercise of discretion."  Id. (quoting Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron Inc., 123 F.3d 111, 116 (3d Cir.1997)) (citations omitted).  In exercising that discretion, however, courts should "be loathe to [reverse prior rulings] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice."  Id. (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)).  In addition to that narrow class of cases where the prior ruling was manifestly unjust, the type of "extraordinary circumstances" that warrant a court's

exercising its discretion in favor of reconsidering an issue decided earlier in the course of litigation typically exist only where (1) new evidence is available, or (2) a supervening new law has been announced. Id. (citing, Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997)).

Here, the defendants' motions to dismiss do not recite any of the extraordinary and compelling circumstances which would justify setting aside the law of the case and re-litigating these previously discredited claims. Thus, there is nothing in the defendants' repetition of these well-worn claims that reveals that the District Court's "initial decision was clearly erroneous and would make a manifest injustice." Id. (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). Likewise, the Bogarts have not persuasively shown that (1) new evidence is available, or (2) a supervening new law has been announced, which compels a different outcome in this case. Id. (citing, Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997)). In the absence of such a showing, a showing that simply is not made here by the defendants, the law of the case doctrine applies and calls for denial of these two motions to dismiss.

Finally, entirely aside from these settled legal doctrines, these motions fail for yet another fundamental reason. A review of the well-pleaded facts set forth in the complaint discloses that it plainly states a claim for declaratory and equitable relief

13

under federal tax laws upon which relief may be granted. Therefore, the defendants' recital of their own idiosyncratic views regarding the scope of the federal tax laws, a recital which grows no more persuasive through repetition, simply fails to provide grounds for the dismissal of this action.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motions to dismiss (Docs. 77 and 95.) be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further

evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of December, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
