# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:12-CV-00347 |
| Plaintiff. | (Judge Brann) |
| v. | |
| DUSTIN B. BOGART, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

### JUNE 15, 2018

## I. BACKGROUND

To satisfy Dustin Bogart's federal income tax deficiency, the United States of America foreclosed upon and sold property owned by Dustin and his wife, Marcy Bogart, in Northumberland County, Pennsylvania.[1]  This Court ordered the net proceeds of that sale to be distributed entirely to the Government,[2] and rejected the Bogarts' subsequent motion to reconsider that decision.[3]  The United States Court of Appeals for the Third Circuit later vacated the order denying that motion.[4]

---

[1]  ECF Nos. 122, 125.

[2]  ECF No. 132.

[3]  ECF No. 142.

[4]  *United States v. Bogart*, 715 Fed. Appx. 161 (3d Cir. 2017).

## II. DISCUSSION

The Bogarts allege that June Bogart (Dustin's mother) and Marcy had cognizable interests in the subject property. Consequently, since the tax liability was owed exclusively by Dustin, the Bogarts argue that June and Marcy are entitled to a share of the property's sales proceeds.

### A. Whether June Bogart Had an Interest in the Subject Property

The Bogarts allege that June had an interest in the subject property as a result of a loan advanced by June to the trust that held the property. In support of this claim, the Bogarts submit two exhibits: an affidavit signed by June and a promissory note signed by Marcy on behalf of the trust.

In the affidavit, June states that she provided "$35,000.00 in gold, silver and cash . . . [in order] to obtain a 33 1/3% interest" in the property, and that she "was provided evidence of [that] interest . . . by certificate of capital units . . . ."[5] The promissory note memorializes the trust's promise to pay "$35,000.00 or 1/3 the fair market sale price of" the property in exchange for June's loan, and states that, as a "security interest," the trust shall "provid[e] a certificate of 33 1/3% interest" in the property.[6] This promissory note, although signed in 2004, was not recorded until 2016.[7]

---

[5] Ex. 1 to ECF No. 158 ¶¶ 7, 11.

[6] Ex. 2 to ECF No. 158 at 1.

[7] *Id.*

As an initial matter, this Court finds this evidence insufficient to support June's claim to an interest in the subject property. Both the affidavit and the promissory note indicate that June should have received a "certificate" reflecting her interest in the subject property. That "certificate," however, was not submitted with the Bogarts' papers, and this Court has not be able to locate it in the record before it. Further, even if this Court accepts the promissory note itself as the "certificate," that document was not recorded until 2016, long after the federal tax liens were recorded in 2005 and 2010.[8] Therefore, under Pennsylvania law, the federal tax liens have priority over June's alleged interest.[9]

### B.    Whether Marcy is Entitled to a Portion of the Sales Proceeds

The Third Circuit remanded this case to this Court to determine whether or not Marcy was entitled to a portion of the sales proceeds. The Government argues that Marcy has waived her right to assert an interest in those proceeds.[10]

Throughout most of this litigation, the Bogarts have maintained that the subject property could not be seized and sold to satisfy Dustin's delinquent tax debts because the property did not belong to either of them, but instead belonged to

---

[8]    *See* Ex. 134 to the United States' Motion for Summary Judgment (ECF No. 73-31).

[9]    *See United States v. Crissman*, 2011 WL 4527838 at *7-9 (M.D. Pa. September 28, 2011) (holding that, under Pennsylvania law, properly-filed federal tax liens have priority over later-filed security interests in real property).

[10]    *See also Bogart*, 715 Fed. Appx. at 171 ("[W]e leave it to the District Court to determine in the first instance whether Marcy Bogart had waived her right to assert an interest in the proceeds.").

an unincorporated business trust organization.  Marcy did not change her position on this issue—*i.e.*, did not argue that she was a co-owner of the property entitled to a portion of its sales proceeds—until *after* this Court determined that the business trust was the nominee and alter ego of the Bogarts, *after* this Court determined that the trust's property was therefore Dustin's property, and *after* this Court consequently ordered that property to be sold.[11]  At the very least, Marcy should have raised this argument when this Court was considering whether or not to order a forced sale of the property.[12]  Because she did not, this Court finds that she has waived it.

## III.  Conclusion

For the reasons discussed above, this Court will again deny the Bogarts' motion to reconsider its December 2, 2015 Order distributing the proceeds from the sale of the subject property.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[11]  *See* ECF No. 126-2 at 43.

[12]  *See, e.g.*, *United States v. Cardaci*, 856 F.3d 267, 274-80 (3d Cir. 2017) (discussing factors a court should consider before forcing a sale of jointly-owned property, including "the relative character and value of the non-liable and liable interests held in the property").